UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ERIC FLORES, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 2:13-cv-00325-DBH |
| | ) |
| U.S. ATTORNEY GENERAL, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION**

Eric Flores has filed a "Federal Tort Complaint Against Torture" naming as defendants the United States Attorney General, the United States Department of Health and Human Services, and a public health service named Sierra Medical Center in El Paso, Texas. He also names a long list of "interested parties," relatives and friends, most of whom, based upon the complaint's allegations, are Mexican American "victims" of a conspiracy of foreign diplomats and federal executive officers. Flores's complaint is accompanied by three separate motions, a motion for leave to proceed in forma pauperis, a motion to transfer to MDL in the District of Columbia, and a motion to stay the proceedings pending disposition of the motion to transfer. Following preliminary screening, I now grant the motion to proceed in forma pauperis and I recommend that the court summarily dismiss the underlying complaint, thereby rendering the two remaining motions moot.

**Background Information**

This is not Flores's first attempt at litigation in this District. His first case, <u>Flores v. Health and Human Services, U.S. Department, et al.</u>, 2:12-cv-00189-DBH, was summarily dismissed by this court because of Flores's failure to provide a fully completed in forma pauperis application. In his second complaint he alleged that unspecified persons in Maine and elsewhere

have inflicted torture in the form of mind altering substances, genetic codes, and direct signals from satellites in order to control and harm various Mexican Americans who are family members, friends, and/or acquaintances of Flores.  That complaint was summarily dismissed following the court's review of my recommendation.  <u>Flores v. U.S. Attorney General, et al.</u>, 2:13-cv-00007.  Flores filed the identical complaint a few months later and that complaint was likewise summarily dismissed.  <u>Flores v. U.S. Attorney General, et al.</u>, 2:13-cv-00053.  Flores's mail notifications of the dismissals were returned to the court as undeliverable.[1]  The current complaint lists a different El Paso, Texas, address than the address on the second complaint filed in February 2013, although the address is the same as the first complaint filed in January 2013, Gwen Evans Lane, and that mail was also returned to the court as undeliverable.  Flores has consistently given addresses in El Paso, Texas.

### Litigation in Other Districts

A review of PACER case locator indicates there are close to sixty cases filed on the national level by Eric Flores.  I have not examined all of those cases, but I have reviewed a significant number in order to be satisfied that the same individual is responsible for most of these filings based upon the nature of the allegations in the complaints.  In an order dated May 25, 2012, United States District Court Judge Philip Martinez of the Western District of Texas recounted Flores's litigation history in El Paso and denied Flores's application to proceed in forma pauperis on appeal.  Judge Martinez noted that Flores was previously sanctioned and barred from further frivolous filings in that Court in 2011.  <u>In re Eric Flores</u>, EP-12-MC-184-

---

[1]   In his motion to transfer (ECF No. 3) Flores complains about a conspiracy involving the correct addresses of federal district courts that somehow prevented him from mailing his nonfrivolous pleadings to the proper venue. (Mot. to Transfer, ECF No. 3, PageID# 119.)  He describes these events as "mail theft" and says documents he sent to federal district courts never arrived at their intended destination.  (<u>Id.</u>, PageID# 120.)

PRM (W.D. Tex 2012).  In an Order dated November 16, 2012, United States District Judge William O. Bertelsman of Eastern District of Kentucky noted the following:

> Flores has filed a dozen or more complaints making similar allegations in his home district and the District of Columbia, all of which have been dismissed, and filing restrictions have been placed upon him.  Cf. Flores v. United States Attorney General et al., No. EB-11-V-158-DB (W.D. Tex. 2011)[R.7 therein, p. 2 n.7 (collecting cases)]   In an effort to avoid those restrictions, Flores has recently filed several identical complaints far from home in courts unfamiliar with his litigation history.  Cf. Flores v. U.S. Atty Gen. No.1:12-cv-1165-RHS (D. N.M. 2012)(identical complaint filed Nov. 13, 2012);  Flores v. U.S. Atty. Gen., No.1:12-cv-2810-SO (N.D. Ohio 2012) (identical complaint filed Nov. 9, 2012).

Flores v. U.S. Attorney General, 2:12-cv-00227-WOB (E.D. Ken.).

Of greatest significance to the current complaint is the litigation that Flores filed in the United States District Court in Vermont.  He has filed two complaints in 2013 in that court, Flores v. United States Attorney General, et al., 5:13-cv-00007-CR, and Flores v. United States Attorney General, et al., 5:13-cv-00033-CR.  Based upon Chief Judge Reiss's orders summarily dismissing those two cases it appears that the complaints are nearly identical to the complaints Flores has filed in this court.  (See ECF No. 2 and ECF No. 3 in the Vermont cases, available on PACER).  The Vermont cases appear to have connection in Flores's mind to this Maine case because in his motion to transfer he mentions a civil cause of action filed in Vermont as another case he wants transferred to the multidistrict litigation panel in the District of Columbia.  (Mot. to Transfer, ECF No. 3.)  Both of the Vermont cases I located were already closed and the appeal period has run without notification that a proper notice of appeal has been filed.

**Summary Dismissal**

With respect to an in forma pauperis action such as this, the United States Congress has directed:  "[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;

or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989);  see also Mallard v. U.S. Dist. Ct. S. D. Iowa, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) [now § 1915e(2)(B)(i)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

   I recommend that this Court once more join the growing list of jurisdictions that have screened this or similar complaints filed by Flores and concluded that they contain "the hallucinations of a troubled man." Flores v. U.S. Attorney General, 2:12-cv-00987-MEF-TFM (M.D. Ala.) (Moorer, USMJ);  see also Flores v. U.S. Dep't of Health and Human Servs., et al., 3:12-cv-00092 (M.D. Tenn.);  Flores v. U.S. Attorney General, 4:12-cv-04144-SOH (W.D. Ark.); Flores v. U.S. Attorney General, 4:12-cv-40154-TSH (D. Mass.); and Flores v. U.S. Attorney General, 12-CV-1250-JPS (E.D. Wis.).  I further recommend that the court enter an order barring Flores from making further filings in this court.  This document represents the fourth time Flores has filed a complaint here concerning these events that he alleges occurred at the Sierra Medical Center in El Paso, Texas, where his mother was allegedly tortured and eventually died.  According to Flores, diplomatic persons of another nation have organized an executive group of federal government employees to use satellite technology to cause his mother and other relatives physical and mental pain and torture.  (See Complaint, PageID# 14-21, etc.)

He claims that technology reaches into Maine, and apparently various other federal districts as well.  The complaint should be summarily dismissed and Flores barred from filing further such documents with this court.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 27, 2013                               /s/ Margaret J. Kravchuk
                                              U.S. Magistrate Judge